United States District Court
Southern District of Texas

**ENTERED**

May 29, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HILDA JAIMES JARAMILLO, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-03857 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, | § | |
| *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Hilda Jaimes Jaramillo filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 13, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates (i) the Immigration and Nationality Act and implementing regulations, (ii) the Due Process Clause of the Fifth Amendment, (iii) the Administrative Procedure Act, (iv) equal protection, (v) the Suspension Clause, and (vi) the *Accardi* doctrine as to 8 CFR §§287.8(c)(2). Id at ¶¶20, 96–171. She also attaches to the petition a copy of an order and final judgment entered in *Bautista v Santacruz*, 5:25-cv-01873 (CD Cal). See Dkt 1-1 at 64–83.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 3 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 4. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–3. It further notes that Petitioner was ordered removed on May 18, 2026. Id at 2; see also Dkt 4-2 (removal order). Because Petitioner has until June 17, 2026, to appeal that order, it argues that her detention remains governed by §1225(b). Dkt 4 at 2; see also 8 CFR §1241.1(c) (stating that removal order becomes final upon expiration of time allotted for appeal).

Petitioner filed no reply although given opportunity to do so. Dkt 3.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment

2

between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

The arguments presented in the petition raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 4.

3

The petition for writ of *habeas corpus* by Petitioner Hilda Jaimes Jaramillo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 29, 2026__ , at Houston, Texas.


Honorable Charles Eskridge
United States District Judge

4